[Cite as *State v. Hartsook*, 2014-Ohio-4528.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2014-01-020 |
| | : | O P I N I O N |
| - vs - | | 10/13/2014 |
| | : | |
| VICTOR A. HARTSOOK, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CR29172


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Thomas G. Eagle, 3386 North State Route 123, Lebanon, Ohio 45036, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1}  Defendant-appellant, Victor A. Hartsook, appeals his conviction in the Warren County Court of Common Pleas for operating a vehicle while intoxicated ("OVI").  For the reasons discussed below, we affirm the conviction.

{¶ 2}  Hartsook was indicted in June 2013 for two OVI offenses, one in violation of R.C. 4511.19(A)(1)(a) and the other in violation of R.C. 4511.19(A)(1)(h).  Hartsook had

previously been convicted of a felony OVI under R.C. 4511.19(A)(1), so each count was a felony of the third degree. Additionally, consistent with R.C. 2941.1413, both offenses included a specification that Hartsook had been convicted of or pled guilty to five or more equivalent OVI offenses in the past 20 years. He entered a plea of not guilty to all charges.

{¶ 3} In October 2013, Hartsook waived his right to a jury trial, and the cause was set for a bench trial. Later that month, Hartsook sought to change his plea to guilty for one count of OVI and the accompanying specification. In return, the state dismissed the second OVI charge and the second specification. No promises were made by the state regarding the sentences Hartsook would face for his offenses.

{¶ 4} Leading up to Hartsook's change of plea hearing, there was miscommunication regarding the sentences he could potentially receive. The plea form rightly indicated that the maximum prison term for the underlying OVI charge itself was 36 months, and was not mandatory. The plea form also rightly indicated that the maximum prison term for the specification was five years. However, the form incorrectly indicated that a mandatory prison term for the specification was "N/A."

{¶ 5} During the change of plea hearing, the trial court indirectly corrected the error on the plea form by properly advising Hartsook that he faced a mandatory prison term for the specification of at least one year. However, in so doing the trial court incorrectly led Hartsook to believe that there was also a 30-day mandatory prison term for the underlying OVI charge, when in fact the underlying charge carried no mandatory prison term. The trial court accurately recited the maximum sentences for the offense and the specification as 36 months and five years, respectively.

{¶ 6} Regardless of the conflicting information regarding the mandatory portion of his sentence, Hartsook affirmed during his Crim.R. 11 plea colloquy that he understood the nature of the charges against him and the implications of his plea. Accordingly, the trial court

found that Hartsook's plea was knowingly, intelligently, and voluntarily made, and found him guilty of the OVI charge and the accompanying specification. The trial court allowed Hartsook to remain free on bail until his sentencing hearing in November 2013, but warned him that any further misconduct would lead to a more severe sentence.

{¶ 7} Despite the trial court's warning, Hartsook did not appear at his sentencing hearing. When he was arrested and brought before the court in December 2013, Hartsook was sentenced to consecutive prison terms of two years for the OVI and four years for the specification, for an aggregate prison term of six years. He now appeals, raising two assignments of error.

{¶ 8} Assignment of error No. 1:

{¶ 9} THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT'S GUILTY PLEA.

{¶ 10} In his first assignment of error, Hartsook argues that his plea was not knowing, intelligent, and voluntary because he was given inconsistent, conflicting, and incorrect information about the mandatory sentences he faced. Hartsook notes that the plea form incorrectly indicates that a mandatory prison term was "N/A" for the OVI specification, yet the trial court told him the specification carried a mandatory prison term. He also points out that the court told him the minimum mandatory sentence was one year for the specification and 30 days for the underlying OVI charge, for an aggregate of 13 months. He asserts that he really faced a minimum mandatory sentence of two years.[1] Hartsook claims that had he been provided with accurate information, "different considerations would be made, and a plea might not even be made at all."

{¶ 11} The defendant's plea in a criminal case is invalid if not made knowingly,

---

1. It is unclear from the briefs and Hartsook's oral argument what authority has served as the basis for his conclusion that he was facing at least a two-year mandatory prison term. As will be discussed below, we disagree with this conclusion.

intelligently, and voluntarily. *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 8, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States and Ohio Constitutions. *State v. Hendrix*, 12th Dist. Butler No. CA2012-12-265, 2013-Ohio-4978, ¶ 8.

{¶ 12} Crim.R. 11(C) facilitates an accurate determination as to whether a plea to a felony charge meets these criteria by ensuring an adequate record for review. *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). Crim.R. 11(C)(2) requires the trial court to hold a plea colloquy with the defendant for the purposes of:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

In conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his decision and enter a valid plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 26.

{¶ 13} A guilty plea is invalid if the trial court does not strictly comply with Crim.R. 11(C)(2)(c), which requires the court to verify the defendant understands the constitutional rights that he is waiving. *Ackley* at ¶ 9, citing *Veney* at ¶ 31. But a court need only

substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Ackley* at ¶ 9. Under the substantial compliance standard, the appellate court must review the totality of the circumstances surrounding the defendant's plea and determine whether he subjectively understood the effects of his plea. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20.

{¶ 14} It is undisputed that the trial court strictly complied with the constitutional requirements of Crim.R. 11(C)(2)(c). With respect to the required notifications regarding constitutional rights, the court advised Hartsook that a guilty plea would waive his rights to have the matter tried before the court, to require the state to prove his guilt beyond a reasonable doubt, to confront witnesses against him, and to subpoena witnesses in his defense. The court also noted that Hartsook had previously waived his right to a trial by jury. Hartsook affirmed that he understood the rights he was waiving.

{¶ 15} However, we find that the court failed to substantially comply with the nonconstitutional notifications of Crim.R. 11(C)(2)(a) and (b). The miscommunication regarding the mandatory portion of Hartsook's potential sentence was too significant to allow the conclusion that he subjectively understood the effects of his plea. Indeed, Hartsook's plea form suggested there was no mandatory prison term for *either* the specification or the underlying OVI charge. Yet during the plea hearing, the trial court advised Hartsook that there was a mandatory prison term for *both*. As will be discussed below, neither instance was accurate.

{¶ 16} But our analysis does not end there. If, as here, the appellate court finds the trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b), then it must make a further determination as to whether the trial court at least partially complied. *Hendrix*, 2013-Ohio-4978 at ¶ 11, citing *Clark*, 119 Ohio St.3d at ¶ 32. If the trial court wholly failed to comply, the plea must be vacated. *Sarkozy*, 117 Ohio St.3d at ¶ 22. If, on the other hand,

the trial court partially complied, then the plea will not be vacated unless the defendant can show he was prejudiced by the extent to which the trial court was in noncompliance. *Hendrix* at ¶ 11.

{¶ 17} We find that although it did not substantially comply, the trial court did at least partially comply with Crim.R. 11(C)(2)(a) and (b). The trial court accurately informed Hartsook of the maximum sentence he could receive: the change of plea form and the plea colloquy correctly indicated that the OVI charge carried a maximum 36-month prison term and the specification carried a maximum five-year prison term, for an aggregate maximum of up to eight years. Moreover, the trial court made it clear in the plea colloquy that it was required to run the mandatory prison term for the specification consecutive to any time it elected to give Hartsook on the underlying OVI charge. Finally, the trial court properly noted that after Hartsook's prison sentence, the Adult Parole Authority also had the option of placing him on up to three years of postrelease control.

{¶ 18} Therefore, to prevail on his claim that his plea was not knowingly, intelligently, and voluntarily made, Hartsook must show that he was prejudiced by the extent to which the trial court was in noncompliance with Crim.R. 11(C)(2)(a) and (b). A determination of whether or not the defendant has met this burden is based upon a review of the record. *State v. Messer*, 12th Dist. Clermont No. CA2008-04-039, 2009-Ohio-929, ¶ 39, citing *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). The test is whether the plea would have otherwise been made. *Messer* at ¶ 42.

{¶ 19} We are not persuaded by Hartsook's contention that he was prejudiced by the miscommunication regarding his potential sentences. To begin with, Hartsook claims merely that if he had been accurately informed of his minimum mandatory sentence, his plea "*might* not even be made at all." That is not the standard. To demonstrate prejudice, Hartsook must show, based upon the record, that his plea *would* not be made. *See Ackley*, 2014-

Ohio-876 at ¶ 9, citing *Nero*, 56 Ohio St.3d at 108.

{¶ 20} Moreover, Hartsook is misguided in his claim that even though the trial court led him to believe his minimum mandatory prison term would be 13 months, he was actually facing at least a two-year mandatory prison term. Hartsook was convicted of one OVI offense in violation of R.C. 4511.19(A)(1)(a), and an accompanying repeat offender specification under R.C. 2941.1413. The minimum sentence that Hartsook could have received for his convictions under these statutes was one year; not the 13 months communicated by the trial court, and not the two years he now claims.[2] The trial court overstated, not understated, Hartsook's minimum mandatory sentence.

{¶ 21} R.C. 4511.19(G)(1)(e)(i) provides that an offender who previously has been convicted of or pleaded guilty to a felony OVI, and who is also convicted of a specification of the type described in R.C. 2941.1413, must be sentenced to a mandatory prison term for the specification as required by R.C. 2929.13(G)(2). In addition, R.C. 4511.19(G)(1)(e)(i) allows that "[t]he court *may* impose a prison term [for the underlying OVI offense] in addition to the mandatory prison term." (Emphasis added.)

{¶ 22} R.C. 2929.13(G)(2) provides that if an offender is being sentenced for a third-degree felony OVI offense and the accompanying specification under R.C. 2941.1413, then "the [sentencing] court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years" for the specification. This prison term must be served "consecutively to and prior to the prison term for the underlying offense." R.C. 2929.13(G)(2). Significantly, although it implies that the sentencing court *may* do so, R.C.

---

2. We acknowledge that the Ohio Supreme Court is presently reviewing a conflict between this court's interpretation of the OVI sentencing regime, and the interpretation by the Ninth Appellate District. *State v. South*, 139 Ohio St.3d 1402, 2014-Ohio-2245. *See also State v. Sturgill*, 12th Dist. Clermont No. CA2013-01-002, 2013-Ohio-4648; *State v. South*, 9th Dist. Summit No. 26967, 2014-Ohio-374. We believe that analyses under both interpretations of the OVI sentencing regime yield the same conclusion as to the minimum mandatory sentence for an offender convicted of an OVI offense in violation of R.C. 4511.19(A)(1) and an accompanying specification under R.C. 2941.1413.

2929.13(G)(2) does not *require* the imposition of a prison term for the underlying offense over and above the mandatory term for the specification.

{¶ 23} Finally, R.C. 2929.14(B)(4) provides that if an offender is being sentenced for a third-degree felony OVI offense under R.C. 2929.13(G)(2), "the sentencing court shall impose upon the offender a mandatory prison term in accordance with [R.C. 2929.13(G)(2)]." As noted above, the mandatory prison term here referenced is the mandatory one, two, three, four, or five years for the specification. Additionally, "the sentencing court *may* sentence the offender to an additional prison term of any duration specified in division R.C. 2929.14(A)(3) * * *." (Emphasis added.) R.C. 2929.14(B)(4). R.C. 2929.14(A)(3)(b) specifies that the additional term may be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

{¶ 24} In short, the only mandatory prison time that Hartsook faced was for the specification under R.C. 2941.1413; a prison term for the underlying OVI offense was discretionary. And the minimum mandatory term for the specification, in accordance with R.C. 2929.13(G)(2), was one year. Therefore, Hartsook's assertion that he was prejudiced because the trial court led him to believe he faced a minimum mandatory prison term of 13 months is without merit. In fact, he faced a minimum mandatory prison term of only 12 months.

{¶ 25} There are no other bases in the record upon which Hartsook could base a claim of prejudice. In exchange for Hartsook's plea, the state dropped two charges, the OVI under R.C. 4511.19(A)(1)(h) and the accompanying specification under R.C. 2941.1413. He affirmed during the colloquy that no other promises had been made to him by the state. In addition, Hartsook received less than the maximum prison term on both of the charges for which he was convicted, and he received the minimum as opposed to the maximum fine. *See, e.g., State v. Jones*, 12th Dist. Warren No. CA2002-10-113, 2003-Ohio-2926, ¶ 13-14

(declining to find prejudice where the offender had two charges dropped, and received a prison sentence and fine below the respective maximums allowed by law).

{¶ 26} Yet perhaps most striking is that the record indicates Hartsook's relatively harsh sentence was largely the result of his own disregard for the law. At the conclusion of the hearing, the court allowed Hartsook to remain free on bail until his sentencing hearing the following month. However, before going off the record, the court reiterated:

> THE COURT: Mr. Hartsook, you have to come back for sentencing sometime in the middle of November. You will not drive a motor vehicle at all for any reason and you will not drink any alcohol. If you do you're subject to far more serious penalties then I intend to impose upon you.
>
> I can sentence you for up to eight years in prison for this, counting the specification and the operating a motor vehicle while impaired and the specification is a mandatory sentence, as I've already told you, so you're going to prison.
>
> How long you go to prison for though is partially dependent upon you. If you get into any more trouble whatsoever with the police you're going to get a far more harsher [sic] sentence * * * you understand that?
>
> [HARTSOOK]: Yes sir.

Notwithstanding the court's warning, Hartsook did not appear at his sentencing hearing the following month.

{¶ 27} When the sentencing hearing was finally held, more than two months after his change of plea hearing, Hartsook beseeched the court for leniency. He argued that his failure to appear was simply the result of the despair he felt when he realized the destructive effect his drinking had on his family and his career. In response, the court noted:

> THE COURT: This is his third felony OVI offense, having been sentenced from this court in '95 and Green [sic] County in '07 and this time he tested [.176 blood alcohol level]. I'm afraid I have no reasonable expectation that he's going to stop drinking and driving, so it's therefore my responsibility to keep him away from society. He's demonstrated that he will not comply with the rules of the law or this court, didn't even bother to show up for

sentencing, so he has no willingness to change his behavior * * *.

{¶ 28} Based upon this record, we decline to find that Hartsook was prejudiced by the trial court's failure to substantially comply with Crim.R. 11(C)(a) and (b). Hartsook's first assignment of error is overruled.

{¶ 29} Assignment of Error No. 2:

{¶ 30} THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT.

{¶ 31} In his second assignment of error, Hartsook presents two principal arguments. First, he contends that the sentence he received for the repeat OVI offender specification under R.C. 2941.1413 was a double jeopardy violation because it punished him twice for his prior convictions. That is, he claims that he cannot be punished for the specification because his penalty had already been enhanced when the underlying OVI offense was elevated from a misdemeanor of the first degree to a felony of the third degree under R.C. 4511.19(G)(1)(e). Second, Hartsook asserts that the sentence he received for the specification under R.C. 2941.1413 was a denial of equal protection of the law because it gives the state unfettered discretion to choose between two significantly different punishments when charging similarly situated repeat OVI offenders.

**1. Double Jeopardy**

{¶ 32} In the first principal argument of his second assignment of error, Hartsook notes that his OVI offense in violation of R.C. 4511.19(A)(1)(a) was a felony of the third degree, instead of a misdemeanor of the first degree, due to his prior OVI convictions. He acknowledges there is clear precedent finding that a repeat offender may be sentenced more harshly than a first-time offender without violating double jeopardy. However, Hartsook also notes that the OVI sentencing regime uses the very same convictions that were used to enhance his punishment for the underlying OVI offense to impose an additional sentence for the repeat OVI offender specification under R.C. 2941.1413. Further, he argues that the

- 10 -

R.C. 2941.1413 specification imposes a punishment *solely* for his recidivist history, and not for the predicate offense. Hartsook claims this results in a double jeopardy violation because he receives multiple punishments for his prior convictions.

{¶ 33} The double jeopardy clause of the Fifth Amendment of the United States Constitution provides that "[n]o person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb." Similarly, Article I, Section 10 of the Ohio Constitution provides "[n]o person shall be twice put in jeopardy for the same offense." These clauses are sufficiently similar to warrant consultation of federal jurisprudence when analyzing Ohio's double jeopardy protections. *State v. Rance*, 85 Ohio St.3d 632, 634 (1999), *overruled on other grounds, State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. They both operate to provide two basic protections: they guard citizens against successive prosecutions and cumulative punishments for the "same offense." *Rance* at 634. *See also North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072 (1969) (expressing the same notion in terms of three basic protections: against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense).

{¶ 34} It is well-settled that the imposition of an enhanced punishment for repeat offenders does not violate the double jeopardy protection against successive prosecutions for a single offense. *United States v. Rodriquez*, 553 U.S. 377, 386, 128 S.Ct. 1783 (2008) (noting that a sentence which is enhanced due to prior convictions is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one); *State v. Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, ¶ 15 (finding the defendant's enhanced sentence for multiple OVI convictions was punishment for his current offense, not his prior OVI offenses). Although this court has not ruled on the issue as it relates to either the OVI sentencing regime or specifications which enhance a sentence due to an offender's

prior convictions, our prior decisions regarding the relationship between specifications and their predicate offenses are consistent with these decisions. *See, e.g., State v. Highfield*, 12th Dist. Brown No. CA2013-05-007, 2014-Ohio-165, ¶ 7-8 (finding a juvenile specification under R.C. 2925.04(C)(3)(b) is not a "separate offense," but a penalty enhancement for the underlying offense). Hence, we turn to whether Hartsook's sentence violates the double jeopardy protections against cumulative punishment.

{¶ 35} In contrast to the double jeopardy protection against successive prosecutions, the protection against cumulative punishments ensures that "the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536 (1984). In other words, where a defendant asserts that the state contravened the double jeopardy clause by leveling cumulative punishment for a single offense, "the proper ambit of appellate review is limited to ensuring that the trial court did not exceed the sentencing authority which the General Assembly has permitted the judiciary." *State v. Moss*, 69 Ohio St.2d 515, 518 (1982), citing *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137 (1981). "Therefore, if it is evident that a state legislature intended to authorize cumulative punishments, then [the appellate] court's inquiry is at an end." *State v. Dodson*, 12th Dist. Butler No. CA2010-08-191, 2011-Ohio-6222, ¶ 30.

{¶ 36} In the past, this court has applied the above reasoning to find no double jeopardy violation where a firearm specification and a specification involving prior conviction for an offense of violence attached to one count of having a weapon while under disability. *State v. Greco*, 12th Dist. Butler No. CA95-06-101, 1996 WL 31147 (Jan. 29, 1996). We concluded in *Greco* that the offender's enhanced sentence did not constitute double jeopardy because it was clear the General Assembly specifically authorized cumulative punishment. *Id.* at *3. Several recent cases in other appellate districts have applied similar reasoning in the context of an OVI offense in violation of R.C. 4511.19 and the repeat OVI offender

specification in R.C. 2941.1413. *See, e.g., State v. Bode*, 5th Dist. Fairfield No. 12-CA-33, 2013-Ohio-2134, ¶ 54; *State v. Zampini*, 11th Dist. Lake No. 2007-L-109, 2008-Ohio-531, ¶ 14; *State v. Midcap*, 9th Dist. Summit No. 22908, 2006-Ohio-2854, ¶ 12.

{¶ 37} Likewise, we find that Hartsook's enhanced sentence does not violate double jeopardy. The language of R.C. 4511.19 clearly indicates that the trial court has the discretion to impose a sentence for the underlying OVI charge in addition to the mandatory prison term for the specification under R.C. 2941.1413. R.C. 4511.19(G)(1)(e)(i) provides that :

> An offender who previously has been convicted of or pleaded guilty to a violation of [R.C. 4511.19(A)] that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree. The court shall sentence the offender to all of the following: * * * *a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code * * *. The court may impose a prison term in addition to the mandatory prison term.*

(Emphasis added.) As noted in our analysis of Hartsook's first assignment of error, the sentence issued by the trial court in the present case is well within the limits established by the legislature. The trial court was required to issue a mandatory sentence of one, two, three, four, or five years: it issued a sentence of four years. Further, the trial court had discretion to impose up to an additional 36 months for the underlying OVI offense: it issued a sentence of 24 months.

{¶ 38} Accordingly, we find Hartsook's sentence did not constitute a double jeopardy violation.

**2. Equal Protection**

{¶ 39} In the second principal argument of his second assignment of error, Hartsook observes that the state has the sole discretion to include or omit R.C. 2941.1413's repeat

OVI offender specification in the indictment charging a defendant. He notes that a repeat offender charged with the specification must be sentenced to a mandatory one, two, three, four, or five-year prison term, but that the only mandatory time facing a repeat offender who is not charged and convicted of a specification is either a 60-day term of local incarceration or a 60-day prison term. Hartsook contends the state's discretion as to whether or not to include the specification on the charging instrument is a violation of the constitutional guarantees to equal protection of the law. He claims it permits an arbitrary and unequal operation of the OVI sentencing provisions on similarly situated repeat OVI offenders.[3]

{¶ 40} The equal protection clause of the Fourteenth Amendment to the United States Constitution provides, "[n]o State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Ohio's equal protection clause, Article I, Section 2 of the Ohio Constitution, provides, "[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit * * *." Because these two provisions are functionally equivalent, they require the same analysis. *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, ¶ 38, citing *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, ¶ 11.

{¶ 41} "Equal protection analysis begins with the rebuttable presumption that statutes are constitutional." *State v. Peoples*, 102 Ohio St.3d 460, 2004-Ohio-3923, ¶ 5, citing *Adamsky v. Buckeye Local School Dist.*, 73 Ohio St.3d 360, 361 (1995). Consequently, the burden is on the party asserting that the statute is unconstitutional to prove that the statute is unconstitutional beyond a reasonable doubt. *State v. Brownfield*, 12th Dist. Butler No.

---

3. Hartsook also claims that a sentence based on R.C. 2941.1413 is a denial of the due process of law, but he fails to articulate a separate argument for that claim. Therefore, we presume his due process argument essentially duplicates the argument he made for equal protection. *See Chapman v. United States*, 500 U.S. 453, 465, 111 S.Ct. 1919 (1991) (noting that where an offender has been duly convicted, the argument that his penalty is based on an arbitrary distinction that violates equal protection "essentially duplicates an argument based on due process"). *See also State v. Klembus,* 8th Dist. Cuyahoga No. 100068, 2014-Ohio-3227, ¶ 9.

CA2012-03-065, 2013-Ohio-1947, ¶ 8. At the same time, "courts have a duty to liberally construe statutes in order to save them from constitutional infirmities." *Eppley* at ¶ 12, citing *Desenco, Inc. v. Akron*, 84 Ohio St.3d 535, 538 (1999).

{¶ 42} Because of the presumption of constitutionality, the extent of the appellate court's review is determined by the nature of the appellant's challenge to the statute. *Eppley* at ¶ 13. A party may challenge a statute as either unconstitutional on its face, or as applied to a particular set of facts. *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, ¶ 37. A facial challenge is the most difficult to bring successfully because the challenger must establish that there are no circumstances under which the statute would be valid. *Id.* Where statutes are challenged as applied to a particular set of facts, the challenger bears the burden of presenting clear and convincing evidence of a presently existing set of facts that make the statutes unconstitutional and void when applied to those facts. *Id.* at ¶ 38.

{¶ 43} In the present case, Hartsook's argument draws liberally from the logic of the majority opinion in *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-3227. In *Klembus*, the Eighth Appellate District found the appellant to be challenging the repeat OVI offender specification on its face, not as it was personally applied to him. *Id.* at ¶ 7. Hartsook appears to adopt the same position as the appellant in *Klembus*, so we will apply the standard of review for a facial challenge and consider the constitutionality of the statute without regard to the specific facts of Hartsook's case. *Id.*, citing *Cleveland Gear Co. v. Limback*, 35 Ohio St.3d 229, 231 (1988).

{¶ 44} Next, we must discern the appropriate level of scrutiny. *Eppley* at ¶ 13. In considering whether a statute violates equal protection guarantees, courts apply different levels of scrutiny to different types of classifications. *State v. Thompson*, 95 Ohio St.3d 264, 2002-Ohio-2124, ¶ 13, citing *Clark v. Jeter*, 486 U.S. 456, 461, 108 S.Ct. 1910 (1988). Statutes that make classifications based upon a suspect class are subject to strict scrutiny,

as are statutes involving fundamental constitutional rights. *Thompson* at ¶ 13. Additionally, a statute that makes a classification based on sex or illegitimacy is subject to heightened or intermediate scrutiny. *Id.* Statutes that are not subject to either strict or heightened scrutiny are subject to rational basis review. *Eppley* at ¶ 15, citing *Menefee v. Queen City Metro*, 49 Ohio St.3d 27, 29 (1990).

{¶ 45} R.C. 4511.19 and R.C. 2941.1413 are not subject to strict scrutiny. Repeat OVI offenders are not a suspect class, and an individual does not possess a fundamental constitutional right to operate a vehicle, on multiple occasions, under the influence of alcohol or drugs. *See Young v. Rogers*, 12th Dist. Butler No. CA2001-08-183, 2002-Ohio-5135, ¶ 32-33, citing *State v. Williams*, 88 Ohio St.3d 513, 530 (2000) (noting that a suspect class has traditionally been defined as one involving race, national origin, or religion, and that "fundamental rights" have been defined to include such rights as the right to vote, the right to procreate, and the rights guaranteed in the First Amendment). Neither do the statutes involve classifications based on sex or illegitimacy. Therefore, we proceed to a rational basis review. *Peoples*, 102 Ohio St.3d at ¶ 7 (applying rational basis review in an analysis of judicial release under R.C. 2929.20 as applied to offenders sentenced to five-year prison terms).

{¶ 46} Under a rational basis review, a statute violates the equal protection clause only if the classifications it creates "'are based solely on reasons totally unrelated to the pursuit of the [s]tate's goals and only if no grounds can be conceived to justify them.'" *Williams*, 88 Ohio St.3d at 530, quoting *Clements v. Fashing*, 457 U.S. 957, 963, 102 S.Ct. 2836 (1982). In conducting the analysis:

> [W]e are to grant substantial deference to the predictive judgment of the General Assembly. * * * The state does not bear the burden of proving that some rational basis justifies the challenged legislation; rather, the challenger must negative [sic] every conceivable basis before an equal protection challenge will

be upheld.

*Id.* at 531, citing *Turner Broadcasting Sys. v. Fed. Communications Comm.*, 520 U.S. 180, 195, 117 S.Ct. 1174 (1997); *Heller v. Doe*, 509 U.S. 312, 320, 113 S.Ct. 2637 (1993).

{¶ 47} We disagree with Hartsook's contention that R.C. 2941.1413 denies equal protection of the laws to repeat OVI offenders simply because the law leaves it to the prosecutor's discretion to insert – or not insert – the specification into the indictment. It is axiomatic that the decision about what charge to file or bring before the grand jury generally rests within the discretion of the prosecutor. *State v. Lawson*, 12th Dist. Clermont No. CA88-05-044, 1990 WL 73845, *7 (June 4, 1990), citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663 (1978). *See also State v. Freeman,* 20 Ohio St.3d 55, 58 (1985), citing *Snowden v. Hughes*, 321 U.S. 1, 8-9, 64 S.Ct. 397 (1944). It will not be presumed that a prosecutor's decision to prosecute has been invidious or in bad faith, and Hartsook has offered no argument that would call into question the rationale for the discretion that our legal system traditionally affords the prosecutor. *See State ex rel. Nagle v. Olin*, 64 Ohio St.2d 341, 347 (1980), citing *State v. Flynt*, 63 Ohio St.2d 132 (1980).

{¶ 48} Moreover, Hartsook has failed to offer an argument that would suggest the cumulative punishment the legislature sought to impose under R.C. 4511.19 and R.C. 2941.1413 does not serve a legitimate government interest. Absent proof to the contrary, we are inclined to agree with the United States Supreme Court that the reasoning behind a sentencing regime that finds the latest offense for repeat OVI offenders to be an aggravated offense because it is a repetitive one is perfectly sound. *See Rodriquez*, 553 U.S. at 386.

{¶ 49} We recognize that in reaching this conclusion, we come to a different result than that reached recently by the majority of a three-judge panel of the Eighth Appellate District. *See Klembus*, 2014-Ohio-3227. In *Klembus*, the appellant pled no contest to two felony OVI charges under R.C. 4511.19(A)(1)(a), each of which had a repeat offender

specification under R.C. 2941.1413. *Id.* at ¶ 5. The two OVI charges were merged at sentencing, and the appellant received a one-year prison term on the specification and one year on the underlying OVI offense, for an aggregate two-year prison term. *Id.* at ¶ 6.

{¶ 50} The Eighth Appellate District observed that there is no requirement under R.C. 2941.1413(A) that the specification be applied with uniformity, and found "no logical rationale for the increased penalty imposed on some repeat OVI offenders and not others without requiring proof of some additional element to justify the enhancement * * *." *Id.* at ¶ 23. Therefore, relying on the Ohio Supreme Court's analysis in *State v. Wilson*, 58 Ohio St.2d 52 (1979), the appellate court found that the repeat offender specification violates equal protection and remanded the cause to the trial court to vacate the specification from the indictment. *Klembus* at ¶ 23, 27.

{¶ 51} *Wilson* involved an appellant who was charged under both a simple burglary and an aggravated burglary statute. *Wilson* at 55. The appellant was found by the trial court to have violated both statutes, and was sentenced under the aggravated burglary statute, which carried a heavier penalty. *Id.* On appeal, he argued that because the aggravated burglary statute prohibits the same activity as the simple burglary statute yet carries a heavier penalty, the aggravated burglary statute denied equal protection of the law to burglary offenders sentenced under the aggravated burglary statute. *Id.* The Ohio Supreme Court noted that the equal protection clause is not violated when, based upon prosecutorial discretion, a person is charged under more than one statute and may thereby receive different penalties. *Id.* However, the court agreed that there could be an equal protection violation if two statutes prohibit identical activity, require identical proof, yet impose different penalties, and if the offender is sentenced under the statute with the higher penalty. *Id.* at 56. Ultimately, the court found no equal protection violation because the two statutes did not require identical proof; the state had to prove an additional aggravating circumstance for the

aggravated burglary. *Id.* at 57.

**{¶ 52}** We find the *Wilson* analysis, and therefore the *Klembus* conclusion, inapposite to this case. Whereas *Wilson* was dealing with two separate offenses, simple burglary and aggravated burglary, we are here dealing with a single offense, OVI. *See Klembus* at ¶ 33-45 (McCormack, J., dissenting), citing, inter alia, *Zampini*, 2008-Ohio-531. The inquiry, therefore, is not whether R.C. 4511.19 and R.C. 2941.1413 define two offenses that prohibit identical activity and require identical proof, but impose different penalties. As discussed above, we believe the language of the respective statutes clearly indicates that the General Assembly intended R.C. 4511.19 and R.C. 2941.1413 to authorize cumulative punishments for a single OVI offense by a repeat offender.

**{¶ 53}** Because Hartsook has failed to show that there is no rational basis which justifies the challenged statutes, an equal protection challenge cannot be upheld. *Williams*, 88 Ohio St.3d at 531. His second assignment of error is overruled.

**{¶ 54}** Judgment affirmed.

S. POWELL and PIPER, JJ., concur.