[Cite as *State v. Norquest*, 2015-Ohio-4541.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-G-0003** |
| TIMOTHY A. NORQUEST, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 13 C 000170.

Judgment: Modified and affirmed as modified.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Matthew W. Weeks*, Carl P. Kasunic Co., L.P.A., 4230 State Route 306, Building I, Suite 300, Willoughby, OH 44094 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Timothy A. Norquest, appeals the sentencing entry of the Geauga County Court of Common Pleas. For the reasons that follow, we modify the judgment of the trial court and affirm as modified.

{¶2} In December 2013, appellant was indicted on two fourth-degree felony counts of OVI: Count One in violation of R.C. 4511.19(A)(1)(a) and Count Two in violation of R.C. 4511.19(A)(1)(h). Both counts were accompanied by a repeat OVI

offender specification under R.C. 2941.1413, appellant having been convicted of five or more felony OVI offenses within the last 20 years of the date of the current offense.

{¶3}  Appellant initially pled not guilty to both counts but subsequently entered a counseled plea of guilty to Count One plus the accompanying specification.  The state was granted leave to dismiss the remaining count and specification.  On May 14, 2014, the trial court sentenced appellant to 12 months plus 60 days imprisonment for the underlying OVI offense and 2 years imprisonment for the specification, to run consecutively to each other, for a total of 3 years and 60 days.

{¶4}  Appellant filed a motion to file a delayed appeal, which was granted by this court, and has assigned four assignments of error for our review:

> [1.] The trial court committed plain error by sentencing Tim to the mandatory 12 months plus 60 days, in addition to the two years for the specification pursuant to O.R.C. § 4511.19(G)(1)(d)(i).
>
> [2.] Ohio Revised Code § 2941.1413 violates the Equal Protection Clause of the Ohio and U.S. Constitutions, and such, Tim's sentence under the specification statute should be vacated.
>
> [3.] The trial court committed prejudicial error and abused its discretion when it sentenced Tim to a total of three years and 60 days for the convictions.  In so doing the trial court abused its discretion when applying the overriding purposes of felony sentencing set forth in O.R.C. § 2929.11 and the seriousness and recidivism factors set forth in O.R.C. § 2929.12.
>
> [4.] Tim's sentence should be set aside and the matter remanded to the trial court based on ineffective assistance of counsel for (1) failure to challenge the specifications based on any prior unrepresented convictions, and (2) failure to challenge the constitutionality of specifications statute on the grounds of the equal protection [clause].

{¶5}  We consider appellant's first and third assignments together, as they both challenge the length and appropriateness of his sentence.  This court utilizes R.C.

2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Hettmansperger*, 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14. R.C. 2953.08(G)(2) states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶6} Under his first assignment of error, appellant asserts the trial court's entry of sentence on Count One (mandatory 12 months imprisonment plus 60 days), pursuant to R.C. 4511.19, was contrary to statute; appellee concedes such error.

{¶7} Appellant was convicted on Count One for a violation of R.C. 4511.19(A)(1)(a), which provides, in pertinent part: "No person shall operate any vehicle * * * within this state, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them." This count also carried with it a specification that, pursuant to R.C. 2929.13(G)(2), authorizes "[i]mposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender" who has violated R.C. 4511.19(A) and, "within twenty years

3

of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses." R.C. 2941.1413(A).

{¶8} R.C. 4511.19(G) provides the sentencing guidelines for the underlying OVI offense and states, in pertinent part:

> (1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. * * * The court shall sentence the offender for either offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section: * * *
>
> (d) Except as otherwise provided in division (G)(1)(e) of this section, * * * an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations [of division (A) or (B) of this section or other equivalent offenses] is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:
>
> (i) If the sentence is being imposed for a violation of division (A)(1)(a) * * * of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or, in the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type. * * *

{¶9} The trial court sentenced appellant to 12 months plus a mandatory 60 days on the underlying OVI offense. However, as provided in R.C. 4511.19(G)(1)(d)(i), a mandatory 60 days is only an option if the offender has not also been convicted of the repeat offender specification. Because appellant was convicted on the specification, the trial court's sentencing options for the underlying OVI offense were either one, two,

three, four, or five years. Accordingly, the additional 60-day portion of appellant's sentence on the underlying offense exceeded the trial court's authority under R.C. 4511.19 and is clearly and convincingly contrary to law.

{¶10} Appellant's first assignment of error has merit.

{¶11} Under his third assignment of error, appellant argues that his sentence does not comport with the overriding purposes of felony sentencing found in R.C. 2929.11 or with the seriousness and recidivism factors set forth in R.C. 2929.12. He asserts that his entire sentence is "unfair and disproportionate to the offense committed" and that the trial court sentenced him without considering any of the mitigating factors, such as the lack of harm to other persons or property, that he has shown genuine remorse, and that he has taken ownership of his alcoholism.

{¶12} Pursuant to R.C. 2929.11(A), a felony sentence should be reasonably calculated "to protect the public from future crime by the offender * * * and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." A court imposing a felony sentence is also required to consider seriousness and recidivism factors found in R.C. 2929.12. However, it is well established that a trial court "is not required to make findings of fact under the seriousness and recidivism factors in R.C. 2929.12." *State v. ONeil*, 11th Dist. Portage No. 2010-P-0041, 2011-Ohio-2202, ¶34. Further, "a trial court's failure to state on the record that it considered the factors in R.C. 2929.11 and R.C. 2929.12 raises a presumption that the trial court considered them." *Id.* at ¶20, citing *State v. Greitzer*, 11th Dist. No. 2006-P-0090, 2007-Ohio-6721, ¶26. "[T]he burden is on the defendant to present evidence to rebut the

5

presumption that the court considered the sentencing criteria." *Id.*, citing *State v. Cyrus*, 63 Ohio St.3d 164, 166 (1992).

{¶13} Although the trial court did not expressly state on the record at the sentencing hearing that it considered the required statutory factors, it is clear from a review of the transcript and the sentencing entry that it did so. In its judgment entry of sentence, the trial court stated:

> After consideration of the record; information presented by, or on behalf of, the defendant, the prosecuting attorney, the PSI report; the defendant's ability to pay financial sanctions; and any victim impact statement(s), the Court, based upon the purposes and principles of sentencing (R.C. 2929.11) and the sentencing factors [seriousness and recidivism (R.C. 2929.12)], imposed upon the defendant the following sentence[.]

{¶14} Appellant has not presented any evidence to rebut the presumption that the court considered the purposes and factors of felony sentencing in R.C. 2929.11 and R.C. 2929.12 before imposing appellant's sentence. Accordingly, we find no error with appellant's sentence except for the erroneous 60-day provision.

{¶15} Appellant's third assignment of error is without merit.

{¶16} Under his second assignment of error, appellant argues his sentence under the R.C. 2941.1413 specification should be vacated because the penalty enhancement found in the statute is unconstitutional as a violation of the Equal Protection Clause.

{¶17} Appellee asserts that appellant forfeited appellate review of this issue by not raising it below. However, Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." As a result, the Ohio Supreme Court has held that an appellate

6

court has discretion to review constitutional issues not raised in the trial court for plain error. *State v. Noling*, 11th Dist. Portage No. 2014-P-0045, 2015-Ohio-2454, ¶9, citing *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus.

{¶18} This court recently addressed and rejected appellant's constitutional argument in *State v. Reddick*, 11th Dist. Lake No. 2014-L-082, 2015-Ohio-1215, ¶11. In *Reddick*, we adopted the rationale of the Twelfth District Court of Appeals and found the penalty enhancement set forth in R.C. 2941.1413 is not unconstitutional as it does not violate the Equal Protection Clause. *Reddick*, *supra*, ¶6-11, following *State v. Hartsook*, 12th Dist. Warren No. CA2014-01-020, 2014-Ohio-4528. In doing so, we rejected the reasoning of the Eighth District Court of Appeals in *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-3227. This issue is now pending before the Ohio Supreme Court as a certified conflict. *State v. Klembus*, Sup. Ct. No. 2014-1557. Following *Reddick*, this court sua sponte certified a conflict on the same issue to the Ohio Supreme Court, which is now being held for the decision in *Klembus*. *See State v. Wright*, 11th Dist. Lake No. 2013-L-089, Sup. Ct. No. 2015-1342.

{¶19} Appellant asserts our *Reddick* opinion "resulted from a misapplication of the Equal Protection Clauses of the Ohio and U.S. Constitutions and controlling case law." Appellant further "requests that this Court adopt the reasoning set forth by the Eighth District Court of Appeals in *State v. Klembus*," but he has not brought anything to this court's attention that would cause us to vacate our precedent. We do not find that the trial court committed any constitutional plain error.

{¶20} Appellant's second assignment of error is without merit.

{¶21} Under his fourth assignment of error, appellant argues his entire sentence should be set aside because of the alleged ineffective assistance of trial counsel.

{¶22} In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)). In order to show prejudice, the appellant must demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at paragraph three of the syllabus. If a claim can be disposed of by showing a lack of sufficient prejudice, there is no need to consider the first prong, i.e., whether trial counsel's performance was deficient. *Id.* at 143, citing *Strickland*, *supra*, 695-696. There is a general presumption that trial counsel's conduct is within the broad range of professional assistance. *Id.* at 142-143.

{¶23} Appellant initially asserted in his appellate brief that his trial counsel provided ineffective assistance by (1) failing to challenge his conviction on the specification based on a prior unrepresented OVI conviction and (2) failing to challenge the constitutionality of the penalty enhancement provided in the specification statute. In his reply brief, appellant withdrew his first assertion; we therefore only review the failure to raise a constitutional challenge.

{¶24} Appellant has not demonstrated a reasonable probability that the result of the proceeding would have been different if trial counsel had raised a constitutional objection. As noted under the second assignment of error, this court has held that the

8

penalty enhancement found in R.C. 2941.1413 is not unconstitutional. *Reddick*, *supra*. Additionally, the Eighth District's *Klembus* opinion holding otherwise had not been released at the time of appellant's sentencing hearing and, therefore, could not have provided a basis for objection. Finally, although trial counsel did not raise the constitutional issue below, we considered it for the first time on appeal. As we do not find prejudice, there is no reason to consider whether trial counsel's performance fell below an objective standard of reasonable representation.

{¶25} Appellant's fourth assignment of error is without merit.

{¶26} The judgment of the trial court is modified to reflect that appellant is sentenced to 12 months on the underlying OVI offense and 2 years on the repeat offender specification, to run consecutive to each other for a total of 3 years; the additional 60-day portion of appellant's sentence is vacated. Thereafter, the judgment of the trial court regarding appellant's conviction and sentence is affirmed as modified.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

9