[Cite as *State v. Valentyn*, 2015-Ohio-4834.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-072** |
| CORNELIUS A. VALENTYN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 14 CR 000612.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Cornelius A. Valentyn, timely appeals the May 19, 2015 sentencing entry arising from his guilty plea for operating a motor vehicle under the influence ("OVI") and his no contest plea to the R.C. 2941.1413 repeat offender specification. Appellant challenges the constitutionality of the repeat offender specification and alleges that it authorizes double punishments without proof of

additional elements, facts, or circumstances. He also claims that it authorizes unfettered prosecutorial discretion in charging similarly situated offenders in contravention to the U.S. and Ohio Equal Protection Clauses. For the following reasons, we affirm.

{¶2} The Lake County grand jury indicted appellant on three counts of operating a vehicle while under the influence of alcohol, drugs, or a combination of the two. Each count was a fourth degree felony in violation of R.C. 4511.19(A)(1)(a) based on appellant's prior five similar violations within 20 years. Each of the three counts also contained a habitual offender specification under R.C. 2941.1413. These specifications were based on appellant's five, identical violations within 20 years that elevated his underlying OVI charges to fourth degree felonies.

{¶3} Appellant eventually entered a guilty plea to the first count and specification in exchange for the dismissal of the other two counts and specifications. Thereafter, and with the court's permission, he withdrew his guilty plea to assert an equal protection challenge to the repeat offender specification. Appellant moved to dismiss the repeat OVI offender specification to count one based on the Ohio Supreme Court's acceptance of the appeal in *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-3227, 17 N.E.3d 603, *appeal allowed*, Sup. Ct. No. 2014-1557, 141 Ohio St.3d 1473, 2015-Ohio-554, 25 N.E.3d 1080, which addresses the constitutionality of R.C. 2941.1413. The trial court denied his motion to dismiss.

{¶4} Appellant subsequently pleaded guilty to count one and no contest to the attendant specification under R.C. 2941.1413. The trial court sentenced him to 18 months in prison on count one to run consecutive to a one-year prison term for the

2

specification, in addition to costs and a fine. It also ordered the forfeiture of his 2003 Ford truck involved in the offense.

{¶5} Appellant was released on bail pending this appeal. His sole assignment of error asserts:

{¶6} "The trial court erred by imposing a consecutive prison term under the repeat OVI offender specification in violation of the Defendant-Appellant's rights to Equal Protection and Due Process as guaranteed by the Fifth and Fourteenth Amendment to the U.S. Constitution and Section 2 and 16, Article I of the Ohio Constitution."

{¶7} Appellant claims that the repeat offender specification requiring mandatory prison time bestows complete discretion on the state as to when to include the specification in an indictment. He further contends that this discretion violates his right to equal protection under the law because it permits an arbitrary and unequal application of the specification on similarly situated repeat OVI offenders. Appellant is not alleging that the state has discriminated against him individually or as a member of a suspect class; instead he claims that the repeat offender specification is unconstitutional on its face.

{¶8} "All statutes have a strong presumption of constitutionality. * * * Before a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" (Citations omitted.) *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶25. The rational-basis "test requires that a statute be upheld if it is rationally related to a legitimate government purpose. * * *

3

Under such a review, a statute will not be invalidated if it is grounded on a reasonable justification, even if its classifications are not precise. * * *." (Citations omitted.) *Id.* at ¶66.

{¶9} Appellant's argument primarily relies on the Eighth District's opinion in *Klembus*, which held in part that the repeat OVI offender specification violates the equal protection clause because it is not rationally related to a legitimate state interest. It explained, "R.C. 2941.1413(A) provides no requirement that the specification be applied with uniformity, and there is no logical rationale for the increased penalty imposed on some repeat OVI offenders and not others without requiring proof of some additional element to justify the enhancement, especially since the class is composed of offenders with similar histories of OVI convictions." *Id.* at ¶23.

{¶10} In addressing this precise issue in two other appeals, we have rejected the rationale in *Klembus* in favor of the Twelfth District's analysis in *State v. Hartsook*, 12th Dist. Warren No. CA2014-01-0201, 2014-Ohio-4528. *State v. Reddick*, 11th Dist. Lake No. 2014-L-082, 2015-Ohio-1215, ¶10-11; *State v. Wright*, 11th Dist. Lake No. 2013-L-089, 2015-Ohio-2601, ¶13. *Hartsook* applied the rational-basis test to review to the repeat offender specification and concluded:

{¶11} "We disagree with [appellant's] contention that R.C. 2941.1413 denies equal protection of the law to repeat OVI offenders simply because the law leaves it to the prosecutor's discretion to insert—or not insert—the specification into the indictment. It is axiomatic that the decision about what charge to file or bring before the grand jury generally rests within the discretion of the prosecutor. * * * It will not be presumed that a prosecutor's discretion to prosecute has been invidious or in bad faith, and [appellant]

4

has offered no argument that would call into question the rationale for the discretion that our legal system traditionally affords the prosecutor. * * * Moreover, [appellant] has failed to offer an argument that would suggest the cumulative punishment the legislature sought to impose under R.C. 4511.19 and R.C. 2941.1413 does not serve a legitimate government interest." (Citations omitted.) *Id*. at ¶47-48; *State v. Burkhead*, 12th Dist. Butler No. CA2014-02-028, 2015-Ohio-1085, ¶36-38.

{¶12} Like the appellant in *Hartsook*, appellant in the instant case has not offered any reason reflecting that the punishments arising under R.C. 4511.19 and R.C. 2941.1413 do not serve a legitimate government interest.

{¶13} Accordingly, and based on the strong presumption that a statute is constitutional, the analysis set forth in *Hartsook*, and our precedent, we reject appellant's sole assignment of error. The mere *possibility* that a prosecutor may arbitrarily enforce the repeat OVI offender specification in R.C. 2941.1413 does not cause the statute to violate the Equal Protection Clause as a whole. *Id.*

{¶14} For the foregoing reasons, appellant's sole assignment of error lacks merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.