DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brett Midcap, appeals his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted by the Summit County grand jury on one count of operating a motor vehicle under the influence or alcohol or drugs ("OMVI") in violation of R.C. 4511.19(A)(1)(a) with a specification pursuant to R.C. 2941.1413, one count of operating a motor vehicle under the influence or alcohol or drugs in violation of R.C. 4511.19(A)(1)(h) with a specification pursuant to R.C. 2941.1413, and one count of weaving in a lane of travel in violation of R.C. 4511.25. Appellant initially pled not guilty.
 {¶ 3} Appellant filed a motion to dismiss the indictment challenging the constitutionality of the twenty-year look back period contained in R.C. 4511.19 and the specification to that statute, R.C. 2941.1413. The State responded to the motion to dismiss and the trial court denied the motion to dismiss. On August 9, 2005, appellant withdrew his guilty plea and entered a plea of no contest to all counts of the indictment. The trial court accepted the plea of no contest and found appellant guilty of all counts. The trial court sentenced appellant to a term of imprisonment of one year each on counts one and two and ordered a one-year mandatory term of imprisonment for each specification to be served concurrently with each other and consecutively to the sentences imposed on counts one and two, for a total term of imprisonment of two years. Appellant timely appealed his OMVI convictions,[1] setting forth three assignments of error for review.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED BY FINDING R.C. 4511.19, AS REVISED BY H.B. 163, CONSTITUTIONAL."
 {¶ 4} In his first assignment of error, appellant argues that R.C. 4511.19 as revised by H.B. 163 is unconstitutional because it violates the constitutional prohibition against retroactive application of laws and due process. This Court disagrees.
 {¶ 5} H.B. 163 added a twenty-year look back period for determining whether an operating a motor vehicle under the influence of alcohol ("DUI") charge or indictment should be enhanced based upon five or more prior DUI convictions. R.C.4511.19(G)(1)(d). The statute now reads:
"Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree. * * *" Id.
The previous version of R.C. 4511.19 provided a six-year look back period based upon three or more previous violations.
 {¶ 6} The recently enacted legislation at issue provides enhanced penalties upon conviction of OMVI when the driver has five or more prior like offenses within the preceding twenty years. As this legislation necessarily considers convictions prior to its enactment, appellant argues that it therefore conflicts with Section 28, Article II of the Ohio Constitution prohibiting "retroactive" laws.
 {¶ 7} This Court previously addressed this same issue inState v. Kirby (1996), 113 Ohio App.3d 452, 461, stating:
 {¶ 8} "The Ohio Supreme Court has held:
"`The prohibition against retroactive laws is not a form of words; it is a bar against the state's imposing new duties and obligations upon a person's past conduct and transactions, and it is a protection for the individual who is assured that he may rely upon the law as it is written and not later be subjected to new obligations thereby.
"`The penalty enhancement provisions do not punish the past conduct; instead, they merely increase the severity of a penalty imposed for an OMVI violation that occurs after passage of the enhancement legislation. Ohio courts have long accepted recidivist statutes. Moreover, the United States Supreme Court has held that the state is justified in punishing a recidivist more severely than it punishes a first offender. We thus conclude that Akron City Codes 73.08 and 73.09 are not ex post facto laws, nor are they retroactive laws.'" (Internal citations omitted.)
Pursuant to our analysis in Kirby, this Court concludes that R.C. 4511.19 is not a retroactive law. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED BY FINDING R.C. 2941.1413, AS REVISED BY H.B. 163, CONSTITUTIONAL[.]"
 {¶ 9} In his second assignment of error, appellant argues that R.C. 2941.1413 violates his rights against double jeopardy and denies him due process. This Court disagrees.
 {¶ 10} H.B. 163 created R.C. 2941.1413, which provides, in relevant part:
"(A) Imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section 2929.13 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses."
Double Jeopardy
 {¶ 11} In State v. Gonzales, 151 Ohio App.3d 160,2002-Ohio-4937, the First Appellate District addressed the same argument with regard to the major drug offender specification:
"The Double Jeopardy Clause `protects against multiple punishments for the same offense.' But not every imposition of multiple punishments violates double jeopardy. In the context of cumulative sentences imposed in a single trial, `the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.' Thus where `a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those statutes proscribe the `same' conduct under Blockburger,
a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.' Accordingly, where it is alleged that the imposition of multiple punishments for one offense contravenes the defendant's constitutional rights, a reviewing court `is limited to ensuring that the trial court did not exceed the sentencing authority which the General Assembly has permitted the judiciary.'" Id. at ¶ 40.
 {¶ 12} Adopting the rationale of the First District, this Court finds that the sentencing provisions clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself. Because the legislature has specifically authorized cumulative punishment, it is not a double jeopardy violation. Appellant's double jeopardy argument is therefore overruled.
Due Process
 {¶ 13} Appellant also argues that R.C. 2941.1413 denies him due process because it renders any plea that he entered before the effective date of the specification invalid. Appellant's argument lacks merit.
 {¶ 14} As stated above, R.C. 2914.1413 has no effect on appellant's prior OMVI convictions. Rather, it is a mechanism for enhancing his current OMVI conviction. Appellant is not challenging his current plea of no contest.
 {¶ 15} Having found that R.C. 2941.1413 does not violate his right against double jeopardy and does not deny him due process, this Court finds that appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO TWO YEARS IN PRISON FOR A FELONY OF THE FOURTH DEGREE[.]"
 {¶ 16} Appellant argues in his third assignment of error that the trial court erred in sentencing him to a prison term of two years. Specifically, appellant contends that, pursuant to R.C.2929.14(A)(4), the maximum sentence the trial court could impose was eighteen months. This Court disagrees.
 {¶ 17} Appellant was found guilty of two counts of operating under the influence of alcohol or drugs in violation of R.C.4511.19, felonies of the fourth degree. Pursuant to R.C.2929.14(A)(4), the maximum sentence for a fourth degree felony is a term of imprisonment of eighteen months. The trial court ordered appellant's sentences on counts one and two to be served concurrently. Therefore, appellant argues that since R.C.2941.1413 is unconstitutional, the maximum sentence he could have received was eighteen months. However, R.C. 2941.1413 clearly authorizes the trial court to impose an additional one- to five-year sentence of mandatory incarceration in addition to each of appellant's felony sentences.
 {¶ 18} In the case sub judice, the trial court ordered an additional one year sentence of incarceration for each of the two specifications in the indictment and ordered the sentences for the specifications to be served concurrently with each other and consecutive to the sentences in counts one and two for a total term of imprisonment of two years. In the previous assignment of error, this Court found R.C. 2941.1413 constitutional. Therefore, appellant's third assignment of error is overruled.
 III. {¶ 19} Appellant's three assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J., Boyle, J., concur.
[1] Appellant did not appeal his conviction of weaving in a lane of travel.