[Cite as *State v. Burkhart*, 2015-Ohio-3409.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2015-01-004 |
| | : | O P I N I O N |
| - vs - | | 8/24/2015 |
| | : | |
| STEVEN W. BURKHART, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014 CR 0312

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

R. Daniel Hannon, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant

**PIPER, P.J.**

{¶ 1} Defendant-appellant, Steven W. Burkhart, appeals his conviction in the Clermont County Court of Common Pleas for operating a vehicle under the influence of alcohol (OVI) and an accompanying repeat OVI offender specification, for which he was sentenced to an aggregate prison term of three years. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} In 2014, appellant was indicted on one count of OVI in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree. Normally, such a charge is a first-degree misdemeanor. R.C. 4511.19(G)(1)(a). However, the charge is elevated to a fourth-degree felony where the offender, within 20 years of the offense, previously has been convicted of or pleaded guilty to five or more OVI violations. R.C. 4511.19(G)(1)(d) Here, the OVI count in the indictment alleged, pursuant to R.C. 4511.19(G)(1)(d), that appellant previously had been convicted of or pleaded guilty to five or more OVI violations between 1995 and 2006. Additionally, the OVI count was accompanied by a repeat OVI offender specification under R.C. 2941.1413, alleging that appellant, "within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses[.]" The "five or more equivalent offenses" listed in the specification were the same "five or more offenses" listed in the OVI count pursuant to R.C. 4511.19(G)(1)(d).

{¶ 3} Appellant moved to dismiss the specification in the indictment on the ground that the repeat OVI offender specification in R.C. 2941.1413 violates the Equal Protection Clauses of the United States Constitution and the Ohio Constitution. After holding a hearing, the trial court denied the motion to dismiss. Appellant then pled no contest to the OVI count and the repeat OVI offender specification. The trial court found appellant guilty as charged and sentenced him to consecutive prison terms of one year in prison on the OVI count and two years in prison on the repeat OVI offender specification, for an aggregate prison term of three years.

{¶ 4} Appellant now appeals, assigning the following as error:

{¶ 5} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS THE REPEAT OVI SPECIFICATION.

{¶ 6} Appellant is raising an equal protection challenge to the statutes at play in this matter, namely, R.C. 4511.19(G)(1)(d) and 2941.1413. He contends that "the interplay

between these two statutes is unconstitutional on its face." Specifically, he argues the repeat OVI offender specification in R.C. 2941.1413 violates the Equal Protection Clauses of the United States Constitution and the Ohio Constitution because the specification gives prosecutors "unfettered discretion" in choosing between "two significantly different punishments when charging similarly situated OVI offenders," and thus permits the arbitrary application of the law.

**Equal Protection Principles**

{¶ 7} The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Article I, Section 2 of the Ohio Constitution provides that "[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit[.]" As explained in *Conley v. Shearer*, 64 Ohio St.3d 284, 288-289 (1992):

> Equal protection of the law means the protection of equal laws. It does not preclude class legislation or class action provided there is a reasonable basis for such classification. The prohibition against the denial of equal protection of the laws requires that the law shall have an equality of operation on persons according to their relation. So long as the laws are applicable to all persons under like circumstances and do not subject individuals to an arbitrary exercise of power and operate alike upon all persons similarly situated, it suffices the constitutional prohibition against the denial of equal protection of the laws.

{¶ 8} Because the Equal Protection Clauses in the United States Constitution and the Ohio Constitution are functionally equivalent, they require the same analysis. *State v. Thompson*, 95 Ohio St.3d 264, 2002-Ohio-2124, ¶ 11. "Equal protection analysis begins with the rebuttable presumption that statutes are constitutional." *State v. Peoples*, 102 Ohio St.3d 460, 2004-Ohio-3923, ¶ 5. The party asserting that a statute is unconstitutional has the burden of proving that the statute is unconstitutional beyond a reasonable doubt. *State v.*

*Collier*, 62 Ohio St.3d 267, 269 (1991).

{¶ 9} "A party may challenge a statute as unconstitutional on its face [i.e., a "facial challenge"] or as applied to a particular set of facts." *Harrold v. Collier*, 107 Ohio St. 3d 44, 50, 2005-Ohio-5334, ¶ 37. When a party challenges a statute on the ground that it is unconstitutional as applied to a particular set of facts, the party has the burden of presenting clear and convincing evidence of a presently existing set of facts that make the statute unconstitutional and void when applied to those facts. *Id.* at ¶ 38. A facial challenge to the statute is even more difficult to establish, since "the challenger must establish that there exists no set of circumstances under which the statute would be valid." *Id.* at ¶ 37. "The fact that a statute might operate unconstitutionally under some plausible set of circumstances is insufficient to render it wholly invalid." *Id.*

{¶ 10} In considering whether a statute violates a person's right to equal protection, different levels of scrutiny are applied to different types of classifications. *Thompson*, 2002-Ohio-2124 at ¶ 13. "All statutes are subject to at least rational-basis review, which requires that a statutory classification be rationally related to a legitimate government purpose." *Id.* When a statutory classification is based on gender or illegitimacy, a court must employ a "heightened" or "intermediate" level of scrutiny and require that the classification be "substantially related to an important governmental objective." *Id.* When a statutory classification affects a fundamental constitutional right or is based on race or national origin, a court must employ a "strict" level of scrutiny, which requires that the discriminatory classification "be narrowly tailored to serve a compelling state interest." *Id.*

{¶ 11} Here, R.C. 4511.19 and R.C. 2941.1413 are not subject to strict scrutiny as repeat OVI offenders are not a suspect class and no one has a fundamental right to operate a vehicle, on multiple occasions, under the influence of alcohol or drugs. These statutes are also not subject to heightened or intermediate scrutiny as they do not involve classifications

- 4 -

based on gender or illegitimacy. Therefore, the level of scrutiny to be applied here is "rational-basis review." *Thompson.*

{¶ 12} A court must grant substantial deference to the legislature when conducting rational-basis review of a legislative distinction or classification that is being challenged on equal protection grounds. *State v. Williams*, 126 Ohio St. 3d 65, 2010-Ohio-2453, ¶ 40. The legislative distinction or classification will be invalidated only if it bears "'no relation to the state's goals and no ground can be conceived to justify [it].'" *Peoples,* 2004-Ohio-3923 at ¶ 7, quoting *State v. Thompkins*, 75 Ohio St.3d 558, 561 (1996).

### *Klembus*

{¶ 13} In support of his argument that the repeat OVI offender specification in R.C. 2941.1413 violates the Equal Protection Clause, appellant relies on *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-3227. In that case, the defendant-appellant, Dean M. Klembus, was charged with two counts of OVI in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(h). *Id.* at ¶ 5. Each count contained language under R.C. 4511.19(G)(1)(d) that elevated the counts to fourth-degree felonies, and each count included a repeat OVI offender specification under R.C. 2941.1413(A). *Id.* Klembus moved to dismiss the repeat OVI offender specifications, arguing the specifications violated the Equal Protection Clauses of the United States Constitution and the Ohio Constitution. *Id.* at ¶ 6. The trial court denied the motion, and Klembus pled no contest to the charges. *Id.* The trial court convicted Klembus as charged, merged the charges for sentencing, and sentenced him to consecutive one-year prison terms on both the OVI charge and the specification, for an aggregate prison term of two years. *Id.*

{¶ 14} On appeal, Klembus argued "the repeat OVI offender specification, on its face, violates the constitutional guarantees of equal protection and due process." Specifically, Klembus argued that since "the specification is based upon the same information or proof

- 5 -

required to establish a fourth-degree felony[,]" the specification and R.C. 4511.19(G)(1)(d) allow "the prosecutor to arbitrarily obtain a greater prison sentence for the underlying offense without proof of any additional element, fact, or circumstance." *Id.* ¶ 7. Klembus further argued the repeat OVI offender specification "gives the state unfettered discretion to choose between two significantly different punishments when charging similarly situated OVI offenders" and that "giving the state sole discretion to include or omit the repeat OVI offender specification permits an arbitrary and unequal operation of the OVI sentencing provisions." *Id.* at ¶ 16. The Eighth District Court of Appeals, by a 2-1 majority, agreed with Klembus' arguments.

{¶ 15} The majority in *Klembus* noted that "[u]nder R.C. 4511.19(G)(1)(d) and 2941.1413, a repeat OVI offender may be subject to between one and five years of mandatory prison time instead of a mandatory 60 days of incarceration and a discretionary prison term up to 30 months without the state calling any additional witnesses or adducing any additional testimony or evidence." *Id.* at ¶ 19. The majority in *Klembus* also noted that "[t]he increased penalty does not depend upon the jury finding any additional elements, facts, or circumstances beyond a reasonable doubt[,]" but, instead, "depends solely on the prosecutor's decision whether or not to present to the grand jury the repeat OVI offender specification provided by R.C. 2941.1413." *Id.*

{¶ 16} The majority in *Klembus* acknowledged that in *State v. Wilson*, 58 Ohio St.2d 52, 55-56 (1979), "the Ohio Supreme Court held that prosecutorial discretion, in and of itself, does not violate equal protection." *Klembus* at ¶ 20. However, the majority in *Klembus* noted that the court in *Wilson* also held that "if two statutes 'prohibit identical activity, require identical proof, and yet impose different penalties, then sentencing a person under the statute with the higher penalty violates the Equal Protection Clause.'" *Klembus* at ¶ 20,

quoting *Wilson* at ¶ 55-56.[1] The majority in *Klembus* further noted that the court in *Wilson* ultimately determined that there was no equal protection violation in that case since the defendant was charged under two different burglary statutes, one of which required proof of an element that the other did not. *Klembus* at ¶ 21, citing *Wilson* at ¶ 58.

{¶ 17} The majority in *Klembus* then applied the equal protection principles discussed in *Wilson* to the case before it and found that "the elements of the repeat OVI offender specification are identical to those set forth in R.C. 4511.19(G)(1)(d) for the underlying fourth-degree felony" and that, therefore, "[t]he specification does not require proof of any additional element to increase the penalty for the same conduct." *Klembus.* As a result, the majority in *Klembus* concluded that "the repeat OVI offender specification allows the prosecutor to arbitrarily subject some individual defendants, such as Klembus, to increased penalties that others are not subject to[,]" and therefore, "a repeat OVI offender charged with the specification may be treated differently from other members of his class, who are not subject

---

1. Less than two months after *Wilson* was decided in April 1979, the United States Supreme Court issued its decision in *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198 (1979). In *Batchelder*, the defendant was convicted in federal district court of receiving a firearm that had traveled through interstate commerce in violation of a section of the Omnibus Crime Control and Safe Streets Act of 1968, for which he was sentenced to five years in prison. The defendant's conduct also constituted a violation of another section that had a maximum prison sentence of only two years. *Id.* at 116. The court of appeals vacated his five-year prison sentence and remanded the matter for resentencing. *Id.* Noting that the substantive elements of the two offenses "are identical as applied to a convicted felon who unlawfully receives a firearm," the court of appeals interpreted the act "to allow no more than the 2-year maximum sentence provided by [the offense that carried the lesser penalty]." *Id.* at 116-117. The United States Supreme Court reversed the court of appeals' decision, finding that the prosecutor's discretion to choose the statute under which to prosecute the defendant was not "unfettered" as the court of appeals had found, since "[s]electivity in the enforcement of criminal laws is, of course, subject to constitutional constraints." (Footnote omitted.) *Id.* at 124-125. The Supreme Court further stated at 125:

> More importantly, there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause. * * * Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced. (Citations omitted.)

to the repeat OVI offender specification." *Id.*

{¶ 18} The majority in *Klembus* stated that "[i]f the repeat offender specification was imposed with uniformity on all similarly situated offenders, it would be rationally related to the state's interest in protecting the public and punishing the offender[,]" but the majority in *Klembus* noted that "R.C. 2941.1413(A) provides no requirement that the specification be applied with uniformity." *Id.* at ¶ 22-23. The majority in *Klembus* determined that "there is no logical rationale for the increased penalty imposed on some repeat OVI offenders and not others without requiring proof of some additional element to justify the enhancement, especially since the class is composed of offenders with similar histories of OVI convictions." *Id.* at ¶ 23. As a result, the majority in *Klembus* concluded that it was unable to say that the repeat OVI offender specification "is rationally related to a legitimate state interest[,]" and therefore found that "the repeat OVI offender specification violates equal protection." *Id.*

**The Dissent in *Klembus***

{¶ 19} In his dissent in *Klembus*, Judge Tim McCormack found that *Wilson* was distinguishable from the case before the court, because "[i]n *Wilson,* the court analyzed two different statutes and determined that if two different statutes prohibited identical activity and required identical proof, yet imposed different penalties, sentencing the defendant under the statute with the higher penalty could violate equal protection." *Id.* at ¶36, McCormack, J., dissenting. By contrast, Judge McCormack noted that Klembus was charged under R.C. 4511.19, which proscribed one activity and contained a penalty enhancement outlined in R.C. 2941.1413. *Id.* Judge McCormack determined that the penalty enhancement in R.C. 2941.1413 "did not prohibit an activity or require proof of an additional element of a crime[,]" but, instead, "is a statutorily authorized specification that increases the severity of a penalty imposed for certain repeat OVI offenders." *Id.*

{¶ 20} Judge McCormack observed that "[c]ourts have consistently concluded that an

enhanced penalty specification, standing alone, does not violate constitutional protections." *Id.* at ¶ 37, McCormack, J., dissenting. Judge McCormack noted that in *State v. Gonzalez*, 151 Ohio App.3d 160, 2002-Ohio-4937 (1st Dist.), the First District Court of Appeals found "no double jeopardy violation where the legislature specifically authorized cumulative punishment." *Id.* Judge McCormack also noted that "Ohio courts have repeatedly upheld the R.C. 2941.1413 enhanced penalty specification contained within R.C. 4511.19, relying on legislative intent as authorization of such cumulative punishment." *Id.* at ¶ 39, citing *State v. Midcap*, 9th Dist. Summit No. C.A. 22908, 2006-Ohio-2854, ¶ 12, and *State v. Stillwell*, 11th Dist. Lake No. 2006-L-010, 2007-Ohio-3190, ¶ 26.

{¶ 21} Judge McCormack stated that "[i]n the not too distant past, drinking and driving was tolerated to a much greater extent than it is today[,]" and that "[i]t took a terrible toll of loss of life and a powerful grass roots movement to push through legislative change that dealt with serial drinking and driving with a much stricter statutory approach." *Id.* at ¶ 41. Judge McCormack noted that in "more recent years, the Ohio General Assembly adopted a much stricter scheme to be applied to those who have demonstrated that after five prior OVI convictions, that person is either so diseased, or so unwilling to abide by Ohio law, that their criminal actions must be addressed definitively." *Id.* at ¶ 43. Judge McCormack observed that the statute providing for mandatory prison sentences for such repeat OVI offenders "embraces the concept that if there is to be suffering, it will be the multiple OVI offender who is punished and not the next innocent victim." *Id.*

{¶ 22} Judge McCormack concluded his dissent by stating that R.C. 4511.19 and 2941.1413 "clearly reflect the legislature's intent to create a penalty for an individual who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years over and above the penalty imposed for the underlying OVI conviction itself[,]" and that "[r]ecognizing the sound judgment of the General Assembly, and in deference to its justifiable intent in

- 9 -

authorizing this type of punishment, I would not find the penalty enhancement set forth in R.C. 2941.1413 to be unconstitutional."  *Id.* at ¶ 45.

### Hartsook

{¶ 23} This court considered *Klembus* in State *v. Hartsook*, 12th Dist. Warren No. CA2014-01-020, 2014-Ohio-4528.  In *Hartsook*, the defendant-appellant, Victor A. Hartsook, was indicted for two OVI offenses, one in violation of R.C. 4511.19(A)(1)(a) and the other in violation of R.C. 4511.19(A)(1)(h).  *Id.* at ¶ 2.  Because Hartsook previously had been convicted of a felony OVI under R.C. 4511.19(A)(1), each count was elevated to a third-degree felony.  *Id.*  Additionally, each count was accompanied by a repeat OVI offender specification under R.C. 2941.1413.  *Id.*  Hartsook moved to dismiss the repeat OVI offender specifications against him on several constitutional grounds, including equal protection.  The trial court overruled Hartsook's motion to dismiss.  Hartsook pled guilty to one OVI charge and one repeat OVI offender specification, in exchange for the dismissal of the other OVI charge and specification.  The trial court found Hartsook guilty and sentenced him to consecutive prison terms of two years for the OVI and four years for the specification, for an aggregate prison term of six years.  *Id.* at ¶ 3-7.

{¶ 24} Hartsook appealed to this court, arguing the repeat OVI offender specification in R.C. 2941.1413 was unconstitutional on its face on several grounds, including that it violated the Equal Protection Clauses of the United States Constitution and the Ohio Constitution.  In his equal protection argument, which "dr[ew] liberally from the logic of the majority opinion in * * * *Klembus*," *Hartsook* at ¶ 43, Hartsook noted that the state has the sole discretion to include or omit R.C. 2941.1413's repeat OVI repeat offender specification in the indictment charging a defendant with an OVI offense.  *Id.* at ¶ 39.  He noted that "a repeat offender charged with the specification must be sentenced to a mandatory one, two, three, four, or five-year prison term, but that the only mandatory time facing a repeat offender

who is not charged and convicted of a specification is either a 60-day term of local incarceration or a 60-day prison term." *Id.* Hartsook asserted that the repeat OVI offender specification in R.C. 2941.1413 violated equal protection because the statute leaves the decision on whether or not to include such a specification in the charging instrument to the state's sole discretion, and therefore permits an arbitrary and unequal operation of the OVI sentencing provisions on similarly situated OVI offenders.

{¶ 25} This court rejected all of Hartsook's constitutional challenges to R.C. 2941.1413, including his equal protection arguments. *Id.* at ¶ 47-53. As to Hartsook's contention that R.C. 2941.1413 violated the equal protection rights of repeat OVI offenders because it gives prosecutors discretion on whether or not to include such a specification in an offender's indictment, this court observed that "[i]t is axiomatic that the decision about what charge to file or bring before the grand jury generally rests with the discretion of the prosecutor" and that "[i]t will not be presumed that a prosecutor's decision to prosecute has been invidious or in bad faith." *Id.* at ¶ 47. We also noted that Hartsook "ha[d] offered no argument that would call into question the rationale or the discretion that our legal system traditionally affords the prosecutor." *Id.*

{¶ 26} Additionally, we observed that Hartsook "ha[d] failed to offer an argument that would suggest the cumulative punishment the legislature sought to impose under R.C. 4511.19 and R.C. 2941.1413 does not serve a legitimate government interest[,]" *id.* at ¶ 48, and that "[a]bsent proof to the contrary, we are inclined to agree with the United States Supreme Court that the reasoning behind a sentencing regime that finds the latest offense for repeat offenders to be an aggravated offense because it is a repetitive one is perfectly sound." *Id.*, citing *United States v. Rodriguez*, 553 U.S. 377, 386, 128 S.Ct. 1783 (2008).

{¶ 27} We also rejected the Eighth District's decision in *Klembus* that relied on the Ohio Supreme Court's decision in *Wilson* in holding that the repeat OVI offender specification

in R.C. 2941.1413(A) violated equal protection, since there was no requirement in the statute that "the specification be applied with uniformity, and * * * 'no logical rationale for the increased penalty imposed on some repeat OVI offenders and not others without requiring proof of some additional element to justify the enhancement[.]'" *Hartsook* at ¶ 50, quoting *Klembus* at ¶ 23. This court found in *Hartsook* that "the *Wilson* analysis, and therefore the *Klembus* conclusion," was "inapposite" to the case before us in *Hartsook*, since *Wilson* dealt with two separate offenses, i.e., burglary and aggravated burglary, while the case that was before us in *Hartsook* dealt with only one offense, OVI in violation of R.C. 4511.19. *Hartsook* at ¶ 52. See, also, *State v. Burkhead*, 12th Dist. Butler No. CA2014-02-028, 2015-Ohio-1085, ¶ 33-38 (following *Hartsook*, and finding *Klembus* and *Wilson* unpersuasive and that "the habitual offender specification in R.C. 2941.1413 does not violate equal protection and due process of law).

{¶ 28} At least one other appellate district has rejected the reasoning of the majority in *Klembus* and followed the reasoning of our decision in *Hartsook* instead. *State v. Snowden*, 11th Dist. Trumbell No. 2014-T-0092, 2015-Ohio-2611, ¶ 9-13; *State v. Reddick*, 11th Dist. Lake No. 2014-L-082, 2015-Ohio-1215, ¶ 6-11; and *State v. Wright*, 11th Dist. Lake No. 2013-L-089, 2015-Ohio-2601, ¶ 8-13. *See also State v. Stephens*, 3d Dist. Seneca No. 13-14-28, 2015-Ohio-1078, ¶ 11-12 (expressing its view that *Klembus* is based on "a fundamental misconstruction of the language and operation of R.C. 4511.19[G][1][d] and R.C. 2941.1413," but finding it was unnecessary to address *Klembus*, since the appellant's guilty plea or failure to move to withdraw the guilty plea in the case before it waived any error or claimed constitutional violations not related to the guilty plea).

### Whether *Klembus* or *Hartsook* Should Apply to this Case

{¶ 29} Appellant argues the facts in his case are distinguishable from those present in *Hartsook*. He notes that Hartsook was charged with a third-degree felony OVI and that in

order to elevate the charge from a first-degree misdemeanor to a third-degree felony, the state presented evidence that Hartsook had been previously convicted of a felony OVI. He then notes that the evidence the state needed to present in order to prove the repeat OVI offender specification against Hartsook was slightly different, namely, that Hartsook had five OVI convictions in the past 20 years. Appellant points out that "[t]his distinction in evidentiary standards is not present in this case."

{¶ 30} Appellant contends that in this case, the state, in order to elevate his OVI from a first-degree misdemeanor to a fourth-degree felony under R.C. 4511.19(G)(1)(d), needed to present evidence that he had been convicted of five OVI offenses in the past 20 years, and that in order to meet its burden regarding the repeat OVI offender specification under R.C. 2941.1413(A), the state needed to prove the exact same thing, i.e., that appellant had been convicted of five OVI offenses in the past 20 years. He contends that since the facts of this case show that the state did not need to present any evidence on the specification that was different from the evidence it already had presented to elevate the charge of OVI from a first-degree misdemeanor to a fourth-degree felony, this case is more in line with the factual situation in *Klembus* rather than *Hartsook*, and therefore, he requests that we follow *Klembus* rather than *Hartsook*. We decline to do so.

{¶ 31} Appellant's argument draws heavily from the majority opinion in *Klembus* that stated that "the elements of the repeat offender specification are identical to those set forth in R.C. 4511.19(G)(1)(d) for the underlying fourth-degree felony[,]" and therefore "[t]he specification does not require proof of any additional element to increase the penalty for the same conduct." *Klembus* at ¶ 21. This led the majority in *Klembus* to conclude that the repeat OVI offender specification allows a prosecutor "to arbitrarily" subject some OVI offenders to an increased penalty while letting other, similarly situated offenders to avoid such a penalty. *Id.* The majority in *Klembus* arrived at this conclusion by applying the

principles in *Wilson* to the case before it. However, *Wilson* is clearly distinguishable from the situation in *Klembus*, *Hartsook*, and this case.

{¶ 32} As noted in both the dissenting opinion in *Klembus* and our opinion in *Hartsook*, *Wilson* involved two different statutes that define two different criminal offenses, i.e., aggravated burglary in violation of R.C. 2911.11(A)(3), a first-degree felony, and burglary in violation of R.C. 2911.12, a second-degree felony. *Wilson* at 55-59; *Klembus* at ¶ 36 (J. McCormack dissenting); *Hartsook* at ¶ 52. By contrast, *Klembus*, *Hartsook*, and the case before us involve only one criminal statute, R.C. 4511.19. The repeat OVI offender specification in R.C. 2941.1413 is *not* a statute that defines a criminal *offense*.

{¶ 33} As stated in *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, ¶ 10, "[a]n offense is defined when one or more sections of the Revised Code state a *positive* prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty." (Emphasis added.) R.C. 2901.03(B).

{¶ 36} Read together, the language in R.C. 2941.1413 and 2929.13(G)(2) indicates that the repeat OVI offender specification is contingent upon an underlying felony conviction. See *State v. Ford*, 128 Ohio St.3d 398 (2011), ¶ 16 (referring to the firearm specification in R.C. 2941.145 and 2929.14[D][1][a]). R.C. 2941.1413 and 2929.13(G)(2) do not contain "a positive prohibition of conduct," as required by R.C. 2901.03(B). See *id.* Instead, these provisions indicate that *if* a defendant is convicted of the OVI felony offense and, *if* the defendant, within 20 years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses, the underlying felony conviction will subject him to imposition of a mandatory additional prison term of one, two, three, four, or five years under R.C. 2929.13(G)(2). *See id.* In other words, the statutes do not state that a person shall not operate a vehicle *under* the influence of alcohol or drugs; instead, they merely state that if a person does operate a vehicle under the influence of alcohol or drugs, an additional penalty

will be imposed. *See id.*

**{¶ 37}** Thus, the repeat OVI offender specification "is merely a sentencing provision that requires an enhanced penalty upon certain findings." *See id.* R.C. 2941.1413 and 2929.13(G)(2) "define a sentencing enhancement that attaches to a predicate offense." *See id.* The repeat OVI offender specification in R.C. 2941.1413 is not an "offense" as defined in R.C. 2901.03(B). *See id. See also Klembus* at ¶ 36 (McCormack, J., dissenting) (penalty enhancement in R.C. 2941.1413 does not "prohibit an activity or require proof of an additional element of a crime[,]" but, instead, "is a statutorily authorized specification that increases the severity of a penalty imposed for certain repeat OVI offenders").

**{¶ 38}** We further note that neither the majority in *Klembus* nor appellant have cited any authority that specifically has held that a repeat OVI offender specification under R.C. 2941.1413 needs to contain an additional element or require additional proof than what is needed or required under R.C. 4511.19(G)(1)(d) to prove the underlying fourth-degree felony OVI, in order for the specification to be found consistent with equal protection. Nor are we aware of any such authority.

### *Klembus,* **Equal Protection, and Prosecutorial Discretion**

**{¶ 39}** We also disagree with the majority's decision in *Klembus* because the majority failed to take into account, fully, the broad discretion that the law traditionally affords to prosecutors in charging defendants with criminal offenses and accompanying specifications. In *Wilson*, 58 Ohio St.2d at 55, the Ohio Supreme Court stated as follows:

> The issue here is not whether the prosecutor abused his discretion in charging appellant under the aggravated burglary statute. The Equal Protection Clause is not violated when, based upon prosecutorial discretion, a person may be charged under more than one statute and thereby receive different penalties. The use of prosecutorial discretion, in and of itself, does not violate equal protection. [Footnote omitted.] See Roush v. White (N.D.Ohio,

1975), 389 F.Supp. 396, 402.[2]

*See also Hartsook*, 2014-Ohio-4528 at ¶ 47 (the decision about what charge to file or bring before grand jury generally rests within prosecutor's discretion and it will not be presumed that prosecutor's decision to prosecute has been invidious or in bad faith).

**{¶ 40}** Here, the majority in *Klembus* noted that under *Wilson*, "prosecutorial discretion, in and of itself, does not violate equal protection." Nevertheless, the majority's decision in *Klembus* constitutes an attack on the discretion that prosecutors traditionally have been given in determining whether or not to charge a defendant under such provisions as a repeat OVI offender specification under R.C. 2941.1413. Appellant has failed to offer any proof or argument that the prosecutor's decision to charge appellant with a repeat OVI offender specification in this case was "invidious" or "in bad faith," nor is there anything in the record to suggest that it was. *Hartsook*.

### Constitutionality of Cumulative Punishment

**{¶ 41}** The primary rationale of the majority's decision in *Klembus* and appellant's argument in this appeal is the alleged unfairness of (1) imposing an additional penalty on an OVI offender under R.C. 4511.19(G)(1)(d), by elevating his OVI offense from a first-degree misdemeanor to a fourth-degree felony when the offender, within 20 years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature, and then (2) imposing a *second* additional penalty on the offender under R.C. 2941.1413, for the same conduct. However, as Judge McCormack stated in his dissenting opinion in *Klembus*, "Ohio courts have repeatedly upheld the R.C. 2941.1413 enhanced penalty specification contained within R.C. 4511.19, relying on legislative intent as authorization of

---

2. In the footnote omitted from this quote, the Ohio Supreme Court stated that "[o]f course, where there exists selectivity in enforcement of the criminal laws based upon a deliberate and unjustified basis, such as race, religion or other arbitrary classification, a violation of the Equal Protection Clause may exist." *Wilson*, fn.2, quoting *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501 (1962).

such cumulative punishment."  *Klembus* at ¶ 37, 39 (McCormack, J., dissenting).

{¶ 42} For example, in *Midcap*, 2006-Ohio-2854 at ¶ 12, the Ninth District Court of Appeals concluded the penalty enhancement specification "clearly reflect[s] the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the [OVI] offense over and above the penalty imposed for the [OVI] conviction itself."

{¶ 43} Additionally, in *Stillwell*, 2007-Ohio-3190 at ¶ 26, the Eleventh District Court of Appeals similarly stated:

> A careful reading of the specification set forth under R.C. 2941.1413 reveals that the mandatory 1 to 5 years of incarceration must be imposed *in addition* to the sentence for the underlying conviction.  The language and interplay of R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 demonstrate that the legislature specifically authorized a separate penalty for a person who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction.  See * * * *Midcap*, * * * 2006-Ohio-2854.  Therefore, R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 "clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself.  Because the legislature has specifically authorized cumulative punishment, it is not a double jeopardy violation."  *Id.* at ¶ 12.

(Emphasis sic.)[3]

---

3. An additional concern regarding the majority's analysis in *Klembus* is the potential effect it may have on other specifications authorized under the sentencing provisions in the Ohio Revised Code.  For example, R.C. 2903.13(A), which defines the offense of "assault," a first-degree misdemeanor, provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]"  R.C. 2903.11(A)(2), which defines the offense of "felonious assault," a second-degree felony, provides that "[n]o person shall knowingly * * * "[c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon [e.g., a firearm][.]"  In addition to charging an offender who knowingly caused physical harm to another by means of a firearm with felonious assault under R.C. 2903.11(A)(2), the prosecutor may also charge the offender with a firearm specification under R.C. 2941.141, which is punishable by a consecutive, mandatory three-year prison sentence, in addition to any sentence the offender receives for his conviction on the principal charge of felonious assault.  In light of *Klembus*, any offender convicted of both felonious assault by means of a firearm and an accompanying firearm specification could challenge his or her sentence by raising the same equal protection arguments found persuasive by the majority in *Klembus*, i.e., the "interplay" between the statutory offense of felonious assault and the firearm specification violates his or her equal protection rights due to the alleged unfairness of (1) granting prosecutors "unfettered discretion" in deciding whether or not to include a firearm specification in the indictment as this may lead to arbitrary enforcement of the laws, and/or (2) allowing an offender to be charged with an

**Conclusion**

**{¶ 44}** It is well-established that statutes are presumed to be constitutional and are to be found unconstitutional only if they are determined to be unconstitutional beyond a reasonable doubt. *Collier*, 62 Ohio St.3d at 269. It is also well-established that the rational-basis standard of review used in cases like this one in which a suspect class or fundamental constitutional right is not involved is supposed to be a deferential one. *Williams*, 2010-Ohio-2453 at ¶ 40. While the majority in *Klembus* was careful to acknowledge these principles, it failed to apply them faithfully to the facts and circumstances of this type of case. Consequently, we find that neither R.C 2941.1413, nor the interplay between that statute and R.C. 4511.19(G)(1)(d), violate the Equal Protection Clauses of the United States Constitution or the Ohio Constitution.

**{¶ 45}** In light of the foregoing, appellant's assignment of error is overruled.

**{¶ 46}** Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.

---

additional penalty without requiring proof of any additional evidence.